# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

James Phillips,

    Petitioner,

v.

Superintendent,

    Respondent.

Case No. 4:16-CV-86 JVB

## OPINION AND ORDER

James Phillips, a pro se prisoner, filed a habeas corpus petition challenging his State court convictions and sentence by the Marion Superior Court. The Court of Appeals of Indiana, in its opinion affirming the denial of his post-conviction relief petition, explained his claims and the procedural history of this case:

> Phillips was convicted of two counts of Class A felony attempted murder and one count of Class D felony resisting arrest. Phillips was also found to be a habitual offender and sentenced to an aggregate term of 100 years of imprisonment. Phillips subsequently filed a direct appeal raising several claims. In a memorandum decision, this court affirmed the trial court in all respects. *Phillips v. State*, 632 N.E.2d 388 (Ind. Ct. App. 1994) *trans. denied*.
>
> On July 17, 1995, Phillips filed a PCR petition, which he later withdrew. Phillips pro se filed a new PCR petition in 2012, which he amended on October 29, 2014. In his petition, Phillips claims that his trial counsel was ineffective for failing to request that the trial judge recuse herself, and that his appellate counsel was ineffective for failing to raise the issue on appeal. Specifically, Phillips claims that the trial court judge should have recused herself because she was a deputy prosecutor involved in a previous case against him which formed the basis for his habitual offender enhancement.

*Phillips v. State*, 47 N.E.3d 664, slip at ¶¶ 3-4 (Ind. Ct. App. 2016) (table).

Habeas corpus petitions are subject to a strict one year statute of limitations and this petition is untimely:

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In response to question 16 asking him to explain why the petition is timely (which includes the text of the statute quoted above), Phillips wrote:

> Petitioner Post-Conviction Relief was denied on June 30, 2015 and the Supreme Court denied transfer on May 12, 2016. The time for filing Habeas Corpus Relief is one year from the Supreme Court denial of transfer from Petitioner's Post-Conviction Appeal. As a result only 165 days have elapsed and Petitioner placed the Petition in the Indiana State Prison Mailing System on the 25th of October bringing this Petition in a timely manner.

(DE 1 at 5.)

Nothing in his response – nor anything else in the petition – indicates that State action impeded him from filing sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore the one-year period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," pursuant to 28 U.S.C. § 2244(d)(1)(A).

The time limit for filing habeas corpus petitions was enacted into law on April 24, 1996. Because Phillips' conviction became final before that date, that is when his conviction became final for the purposes of 28 U.S.C. § 2244(d)(1)(A). *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). However, on July 17, 1995, even before the new law took effect, he filed a post-conviction relief petition which tolled the one-year period of limitations pursuant to 28 U.S.C. § 2244(d)(2). Then on March 27, 2000, his post-conviction relief case was closed. *State v. Phillips*, 49G01-9106-PC-077267 (Marion Superior Court filed June 17, 1991); *see* Odyssey Case Management System, http://mycase.in.gov/default.aspx. As a result, he no longer had "a properly filed application for State post-conviction or other collateral review" and so the tolling ended. One year later, on March 27, 2001, the deadline expired. Because this habeas corpus petition was not signed until October 24, 2016, it is more than 15 years late.

Phillips filed another post-conviction relief petition on September 6, 2012. However, once the deadline expired, filing another post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted) and *Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling.

*Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1)     **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2)     **DENIES** a certificate of appealability;

(3)     **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(4)     **DIRECTS** the clerk to close this case.

SO ORDERED on February 16, 2017.

        s/ Joseph S. Van Bokkelen
    JOSEPH S. VAN BOKKELEN
    UNITED STATES DISTRICT JUDGE